**RECORD NO. 13-4057**

In The

# United States Court Of Appeals
## For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

## ADRIAN PARKER,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE**

————————————

## BRIEF OF APPELLANT

————————————

**Haakon Thorsen**
THORSEN LAW OFFICES
**1235-E East Boulevard**
**Suite 239**
**Charlotte, NC  28203**
**(704) 333-0120**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street  ♦  Suite 230  ♦  Richmond, VA  23219
804-249-7770  ♦  www.gibsonmoore.net

# I. TABLE OF CONTENTS

**PAGE:**

II.    TABLE OF AUTHORITIES ........................................................................ ii

III.   JURISDICTIONAL STATEMENT ........................................................1

IV.   STATEMENT OF ISSUES ....................................................................1

V.    STATEMENT OF CASE .......................................................................1

VI.   STATEMENT OF FACTS ......................................................................3

VII.  SUMMARY OF ARGUMENT ..............................................................8

VIII. ARGUMENT.........................................................................................8

   A. PARKER DID NOT WAIVE APPELLATE REVIEW OF WHETHER HIS GUILTY PLEA WAS VOLUNTARY, INTELLIGENT AND FUNDAMENTALLY FAIR ....................................8

     Standard of Review........................................................................8

     Discussion of Issue ........................................................................9

   B. PARKER'S GUILTY PLEA WAS NEITHER VOLUNTARY, NOR INTELLIGENT, NOR FUNAMENTALLY FAIR ......................................11

     Standard of Review........................................................................11

     Discussion of Issue ........................................................................11

IX.   CONCLUSION .....................................................................................15

X.    REQUEST FOR ORAL ARGUMENT.................................................15

XI.   CERTIFICATE OF COMPLIANCE

XII.  CERTIFICATE OF FILING AND SERVICE

i

# II. TABLE OF AUTHORITIES

**PAGE(S):**

## Cases

*Brady v. United States,*
  397 U.S. 742, 25 L. Ed. 2d 747, 90 S .Ct. 1463 (1970) .........................12, 13

*Parke v. Raley,*
  506 U.S. 20, 121 L. Ed. 2d 391, 113 S. Ct. 517 (1992) ...............................12

*United States v. Andis,*
  333 F.3d 886 (8th Cir. 2003) .........................................................................10

*United States v. Blick,*
  408 F.3d 162 (4th Cir. 2005) .....................................................................8, 11

*United States v. Copeland,*
  707 F.3d 522 (4th Cir. 2013) .........................................................................10

*United States v. Davis,*
  954 F.2d 182 (4th Cir. 1992) ...........................................................................9

*United States v. General,*
  278 F.3d 389 (4th Cir. 2002) ...........................................................................9

*United States v. Harp,*
  406 F.3d 242 (4th Cir. 2005) .........................................................................11

*United States v. Johnson,*
  410 F.3d 137 (4th Cir. 2005) .........................................................................10

*United States v. Jones,*
  2000 U.S. App. LEXIS 6756 (4th Cir. 2000)(unpublished)...........................12

*United States v. Lambey,*
   974 F.2d 1389 (4th Cir. 1992) (*en banc*)................................................11, 12

*United States v. Lewis,*
 477 Fed. Appx. 79, 2012 U.S. App. LEXIS 8069
 (4th Cir. 2012) (unpublished) ...................................................................13, 14

*United States v. McCaskey,*
 2013 U.S. App. LEXIS 6929 (2013) (unpublished) ............................... 10-11

*United States v. Moore,*
 931 F.2d 245 (4th Cir. 1991) .........................................................................14

*United States v. Ringling,*
 988 F.2d 504 (4th Cir. 1993) ............................................................................9

*United States v. Simmons,*
 635 F.3d 140 (4th Cir. 2011) (*en banc*) .............................................1, 5, 9, 12

*United States v. Wiggins,*
 905 F.2d 51 (4th Cir. 1990) ................................................................9, 10, 11

## <u>Statutes</u>

18 U.S.C. § 3231 ....................................................................................................1

18 U.S.C. § 4241 ....................................................................................................7

21 U.S.C. § 841(a)(1) .............................................................................................2

21 U.S.C. § 841(b)(1)(A) ......................................................................................14

21 U.S.C. § 846 ......................................................................................................2

21 U.S.C. § 851 .............................................................................................*passim*

28 U.S.C. § 1291 ....................................................................................................1

**Rules:**

Fed. R. Crim. P. 11...................................................................................4, 11, 12

Fed. R. Crim. P. 11(b)(1)(I) .....................................................................11

Fed. R. Crim. P. 11(d)(2)(B) ....................................................................11

## III. STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

This is a direct appeal by Adrian Parker of his conviction in a federal criminal case. Jurisdiction was conferred upon the United States District Court under 18 U.S.C. § 3231. Parker appeals from final orders of the District Court. Appellate jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1291.

## IV. STATEMENT OF ISSUES

Adrian Parker pleaded guilty pursuant to a plea agreement at a time when it was thought that his two prior North Carolina drug felonies meant he faced a mandatory life sentence if he lost at trial. Prior to his sentencing, this Court decided *United States v. Simmons,* 635 F.3d 140 (4th Cir. 2011) and Parker realized that neither of his prior North Carolina drug felonies qualified as a felony drug offense under federal law. If he was not eligible for any enhancement, let alone a second enhancement which subjected him to mandatory life, he wanted to go to trial and he moved to withdraw his plea. The District Court denied his motion and sentenced Parker to 210 months in custody, presenting two issues: (1) Is the waiver of appeal in Parker's plea agreement enforceable? and (2) Did the District Court abuse its discretion in denying Parker's motion to withdraw his guilty plea?

## V. STATEMENT OF CASE

Adrian Parker was indicted on May 18, 2010 and charged with Conspiracy to Possess With Intent to Distribute 50 grams or more of Cocaine Base, in violation

of 21 U.S.C. §§ 846 and 841(a)(1).  (J.A. 15).  On October 15, 2010, the government filed an information pursuant to 21 U.S.C. § 851.  (J.A. 21).  On October 28, 2010, Parker entered a guilty plea pursuant a written plea agreement that contained a waiver of appellate rights expressly stating that the plea cannot later be withdrawn.  (J.A. 23).  On September 20, 2011 Parker appeared for sentencing, but he indicated that the answers he gave at the plea and rule 11 hearing were no longer correct and he had only pleaded guilty to avoid a mandatory life sentence if he lost at trial.  (J.A. 53).  The matter was continued. New counsel was appointed on September 21, 2011.  On December 22, 2011 new counsel moved for a psychological examination of Parker and a hearing to determine whether he was competent.  (J.A. 8).  On April 23, 2012 Parker was found competent to proceed.  (J.A. 10).  The next day, on April 24, 2012, Parker filed a motion to withdraw his guilty plea.  (J.A. 69).  On November 27, 2012, Parker's motion to withdraw his guilty plea was denied.  (J.A. 83-121).  On January 14, 2013, the Court sentenced Parker to 210 months.  (J.A. 182). Judgment was filed on January 23, 2013.  (J.A. 182).  Parker filed notice of appeal on February 1, 2013.  (J.A. 180).  Orders were entered extending time to file the opening brief and appendix until May 6, 2013.

# VI. STATEMENT OF FACTS

On May 18, 2010, the United States charged Adrian Parker as being one of eleven co-defendants in multi-count indictment arising from and a crack cocaine conspiracy in Wadesboro, North Carolina from 2007 to May 17, 2010.  (J.A. 15).  Parker was charged in only one count, the conspiracy count.  The case had been continued one time and one of Parker's codefendants had entered a guilty plea when on October 15, 2010, the government filed an information pursuant to 21 U.S.C. § 851 charging Parker had a prior felony drug offense conviction.  (J.A. 6).

On October 15, 2010, Parker signed a written plea agreement in which he agreed to plead guilty to conspiracy to distribute crack cocaine.  (J.A.  23).  The plea agreement stated that because Parker had previously been convicted of a drug felony and the government had filed notice he faced a sentence of not less than 20 years. (J.A.  23-24).  According to Paragraph #2 of the written plea agreement:

> …in exchange for concessions made by the defendant in this plea agreement, the United States agrees not to file additional notice under 18 U.S.C. § 851, which if filed, would raise the defendant's sentence to mandatory life imprisonment.

(J.A. 23).  No other concession by the government is mentioned in return for the concessions made by the defendant.  The parties agreed pursuant to the plea agreement that at least 50, but less than 150 grams of cocaine were reasonably foreseeable to Parker.  (J.A.  24).  The plea agreement contains a waiver of

appellate rights to contest the conviction apart from prosecutorial misconduct or ineffective assistance of counsel.  (J.A. 26-27).

On 28 October 2010, Parker appeared for a plea and Rule 11 hearing.  The magistrate had to interrupt the proceeding when Parker indicated that he did not understand or accept the plea agreement:

> THE COURT: Sir, what I understood the government to say was that because they filed an information alleging you have a prior record, that that makes the mandatory minimum sentence 20 and the maximum sentence life.  Do you understand that?
>
> DEFENDANT PARKER: No. sir.
>
> THE COURT: Sir?
>
> DEFENDANT PARKER: So that makes the mandatory minimum sentence 20 years?
>
> THE COURT: Yes, sir, and the maximum sentence life.
>
> (Pause)
>
> MR. BROWN: Your Honor, my client informs me that he still wishes to plead.  However, he wishes to plead in a straight up guilty plea and not according to the Plea Agreement.  It is against my recommendation.  However, that is his wish.  I don't think it necessarily would change the mandatory minimums but . . .
>
> MR. ZOLOT: Your Honor, the government did not file the second 851 notice because we had an agreed-upon plea.  If the defendant is now moving to withdraw from the plea agreement, then at this time there's no negotiation.  I would move to continue this because the government may indeed file that second 851, which makes it a mandatory life.  Because we're giving up certain benefits in exchange for concessions made in the Plea Agreement.  If the defendant is not willing to engage in this kind of negotiations, I believe I would have

4

> to go back and talk to my supervisors and also have further
> conversations with Mr. Brown.
>     This case is on the docket for next week for trial. So it may be
> indeed that my supervisors say that I have to file that second 851,
> which subjects him to mandatory life in prison. . . .

(J.A. 39-40).

Shortly thereafter, the court suspended the proceeding and allowed Parker to confer with his attorney. That same morning, Parker returned and entered a guilty plea pursuant to the plea agreement. (J.A. 41-50).

A final presentence report was filed on March 28, 2011. It reflected a statutory term of not less than 20 years. In response to *United States v. Simmons,* 635 F.3d 140 (4th Cir. 2011) (*en banc*), a revised final report was filed on August 20, 2011, which reflected a statutory term of not less than 10 years. (J.A. 203). The new presentence report acknowledged that neither of Parker's prior North Carolina drug felonies qualified as a felony conviction for his sentencing in federal court.

On 20 September 2011, Parker appeared for sentencing. When questioned by the Court, Parker indicated that he had not given true and correct answers at his plea and Rule 11 hearing, and asserted that he was actually innocent. (J.A. 53). Parker's counsel indicated that there had been a breakdown of trust and communication and it seemed like his time was divided between "fighting" with Parker and with the government. (J.A. 53). Parker went on to describe why he had entered a plea:

DEFENDANT PARKER: Okay, Your Honor, sir.

I entered a plea. When I came out on the day of the plea I pled not guilty at first because I had no intention of pleading guilty at all into the plea. Whereas counsel know because there was a dispute about that in the courts, and they asked him if he needed time to talk to me. So when he talked to me that day, there had already been a thing where Mr. Brown had contacted my mother. You know, he was – it was like threats were sent to my mother and family that if I don't sign this plea or take this plea right then and there, that I'm going to receive a mandatory life sentence.

So it was just a whole bunch of disputes. And when we went on a recess, you know Mr. Brown brought it to my attention, he was like, "Man, look, they use the Speedy Trial Act." They said if I didn't take the plea and sign the plea on that day that I had a trial date set for the next week. And counsel had advised me that I would receive mandatory life if I were go to trial the very week. So it was like I was threatened with life.

∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎

DEFENDANT PARKER: He [Mr. Brown] came to my mother – and he even threatened me – he begged me to take this plea, you know what I'm saying. He said, "Please, Mr. Parker, take this plea." I mean, he's here today. He begged me with dear life telling me that if I didn't take the plea I would receive life in prison. And that's the only reason I took the plea was to save some part of my life for something I hadn't even done and I'm very innocent of, and it's evident I'm innocent on this case.

(J.A. 55-57).

The matter was continued and new counsel was appointed on September 21, 2011. (J.A. 8). New counsel had difficulty communicating with Parker and was concerned that he was delusional. Among other things, Parker maintained that his signature had been forged on the plea agreement. (J.A. 215-16). On December 22,

2011 counsel filed a motion for appointment of an expert to conduct a psychiatric examination of Parker and determine whether he was competent to proceed. (J.A. 8).

After a hearing on January 5, 2012, the motion was granted and a mental health evaluation was ordered pursuant to 18 U.S.C. § 4241. (J.A. 9). On February 7, 2012, Parker was admitted to the Federal Correctional Institution in Butner, North Carolina. After interviewing Parker, reviewing records, interviewing counsel and Parker's relatives, a forensic evaluation was filed with the Court on April 11, 2012, which noted that while Parker had some bizarre and non-standard views and applied his own definitions to some legal terms and concepts, the examiner believed Parker was competent to proceed. (J.A. 207-19). On April 23, 2012, Parker was found competent. (J.A. 10). The next day, Parker moved to withdraw his guilty plea. (J.A. 10, 69).

There was no hearing on the motion to withdraw the plea until November 27, 2012. Parker testified that he entered into the plea agreement to avoid a mandatory life sentence if he lost at trial. (J.A. 86, 112). The motion to withdraw the plea was denied. (J.A. 112, 122).

The government felt it was no longer bound by the plea agreement and piled on the weight. (J.A. 134-36). On January 14, 2013, the Court sentenced Parker to 210 months. (J.A. 220).

## VII. SUMMARY OF ARGUMENTS

Parker moved to withdraw his guilty plea prior to sentencing. Between the time Parker entered his plea and the first time his case was scheduled for sentencing, the *Simmons* decision came down and changed the mandatory minimum sentence he faced from life to ten years. The profound change in the law was a fair and just reason for Parker to withdraw his plea. Parker had made an informed choice to plead guilty because he did not want to risk a mandatory life sentence if he lost at trial. The primary concession the government gave in exchange for Parker's guilty plea was the promise to not file a second information pursuant to 21 U.S.C. § 851. This promise became worthless. The court abused its discretion in denying Parker's motion to withdraw his plea, and review of this issue is not barred by the appeal waiver contained in the plea agreement.

## VIII. ARGUMENT

### A. PARKER DID NOT WAIVE APPELLATE REVIEW OF WHETHER HIS GUILTY PLEA WAS VOLUNTARY, INTELLIGENT AND FUNDAMENTALLY FAIR

<u>Standard of Review</u>

Whether a defendant validly waived his right of appeal is a question of law that this court reviews *de novo*. *United States v. Blick,* 408 F.3d 162, 168 (4th Cir. 2005).

Discussion of Issue

"For an appeal waiver to be effective, the record must show that the waiver was based on a 'knowing and intelligent decision.'" *United States v. General,* 278 F.3d 389, 400 (4th Cir. 2002) (*quoting United States v. Davis,* 954 F.2d 182, 186 (4th Cir. 1992)). At the time Parker entered his plea, he was informed he would receive not less than twenty years mandatory minimum, and that if he did not enter his plea, he would face a mandatory life sentence if he lost at trial. Prior to Parker's sentencing, *Simmons* was decided and Parker moved to withdraw his plea. The rules of the game had changed. His plea was no longer voluntary and intelligent.

"Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain." *United States v. Ringling,* 988 F.2d 504, 506 (4th Cir. 1993). The primary benefit that Parker was to receive from the plea agreement, the government's promise to not file a second § 851 notice, had lost all value. When this Court approved of waiver of appellate rights in *United States v. Wiggins,* 905 F.2d 51 (4th Cir. 1990), the Court was willing to enforce the waiver as part of a binding contract. Wiggins agreed to plead guilty to obstruction of justice and waive his right to appeal his sentence if the government agreed to dismiss a perjury charge. The government complied with its promise and dismissed the perjury charge, but Wiggins tried to challenge his sentence on appeal. This Court

dismissed Wiggins appeal and found "Wiggins waived his right for the purpose of obtaining certain concessions from the government and he may not now ignore his part of the bargain." *Id* at 54. Parker was only named in the one count of the indictment to which he pleaded guilty. The benefit Parker was to receive in return for his waiver was illusory. What Parker bargained for----the government's promise to not file a second information pursuant to 21 U.S.C. § 851---now had no value.

To enforce the waiver would be fundamentally unfair. This Court has recognized "appellate courts 'refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice.'" *United States v. Johnson,* 410 F.3d 137, 151 (4th Cir. 2005) (*quoting United States v. Andis,* 333 F.3d 886, 891 (8th Cir. 2003)). This Court should refuse to enforce the waiver against Parker as being fundamentally unfair, given that Parker moved to withdraw from his plea prior to sentencing based on a change in the law which could not have been reasonably contemplated at the time of the plea agreement.

This Court should not enforce the appeal waiver because Parker moved to withdraw his plea before the District Court had accepted the plea agreement and imposed sentence on it and after Parker lost his benefit under the bargain. This distinguishes the instant case from *United States v. Copeland,* 707 F.3d 522 (4th Cir. 2013) and *United States v. McCaskey,* 2013 U.S. App. LEXIS 6929 (2013)

(unpublished).  Neither Copeland nor McCaskey sought to withdraw his guilty plea prior to sentencing.  Appeal waivers "preserve[] the finality of <u>judgments</u> and <u>sentences</u> imposed pursuant to valid pleas of guilty."  *Blick* 408 F.3d at168 (*quoting United States v. Wiggins,* 905 F.2d 51, 54 (4th Cir. 1990) (emphasis added).  Parker moved to withdraw from the plea agreement before judgment and sentence, unlike Copeland, McCaskey, and Blick.

Parker had entered into the plea agreement at a time when *United States v. Harp,* 406 F.3d 242 (4th Cir. 2005) was controlling.  Parker's Rule 11 colloquy included information about mandatory minimum sentences which was not correct at Parker's sentencing.  Parker's Rule 11 hearing did not comply with Rule 11 (b)(1)(I) and this Court should not enforce the waiver of appellate rights.

## B. PARKER'S GUILTY PLEA WAS NEITHER VOLUNTARY NOR INTELLIGENT NOR FUNAMENTALLY FAIR

<u>Standard of Review</u>

The denial of a defendant's motion to withdraw a guilty plea is reviewed for abuse of discretion.  *United States v. Lambey,* 974 F.2d 1389, 1393 (4th Cir. 1992) (*en banc*).

<u>Discussion of Issue</u>

Federal Rule of Criminal Procedure 11 authorizes the withdrawal of a guilty plea before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  According to *United*

*States v Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (*en banc*), "a fair and just reasons for withdrawing a guilty plea is one that 'essentially challenges . . . the fairness of the Rule 11 proceeding . . . or the fulfillment of a promise . . . emanating from the proceeding.'"

When Parker moved to withdraw his plea prior to sentencing, Parker's plea was no longer knowing and voluntary. When Parker pleaded guilty, he thought he faced a mandatory life sentence if he lost at trial. When the *Simmons* decision came down, this was not true. A defendant's decision to plead guilty must be a knowing and voluntary one. *See Parke v. Raley,* 506 U.S. 20, 28, 121 L. Ed. 2d 391, 113 S. Ct. 517 (1992). When a defendant is misinformed about the mandatory minimum sentence at the Rule 11 hearing, and he is not otherwise aware of the mandatory minimum, his plea is not knowing and voluntary. *United States v. Jones,* 2000 U.S. App. LEXIS 6756 (4th Cir. 2000)(unpublished) (vacating defendant's plea).

*Brady v. United States*, 397 U.S. 742, 25 L. Ed. 2d 747, 90 S. Ct. 1463 (1970) is not controlling. *Brady* applies when a defendant moves to withdraw a guilty plea after sentence has been imposed on that conviction. Brady pleaded guilty and was sentenced in 1959 and eight years later, in 1967, he challenged the voluntariness of his guilty plea based on a favorable change in sentencing law.

To the extent that *Brady* does apply, *Brady* requires this Court to vacate Parker's plea. *Brady* adopted a standard of voluntariness which requires a defendant to be fully aware of the "actual value of any commitments made to him by the court, prosecutor, or his own counsel…." 397 U.S. at 757. The actual value of commitments made in a plea agreement has to be measured at the time of sentencing. Parker did not know the value of government's commitment to not file a second information pursuant to 21 U.S.C. § 851 would be worthless, or he would not have entered the plea.

Parker's plea was not voluntary and it was the product of misrepresentation of the applicable mandatory minimum sentence. As stated in *Brady* "<u>absent</u> misrepresentation or other impermissible conduct by state agents, a voluntary plea of guilty intelligently made in light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." 397 U.S. at 757 (emphasis added). The plea agreement set out mandatory minimum sentences that were inapplicable to Parker at sentencing. Misrepresentation does not require *scienter*, only giving an incorrect representation. The plea agreement gave an incorrect representation of what would be the statutory mandatory minimums.

Misrepresentation of applicable mandatory minimums can negate a guilty plea. In *United States v. Lewis*, Lewis pleaded guilty after receiving incorrect

advice that his prior felonies under Ohio law would trigger a mandatory life sentence. 477 Fed. Appx. 79, 2012 U.S. App. LEXIS 8069 (4th Cir. 2012) (unpublished). In fact, under Ohio law the felonies carried a maximum sentence of one year, and therefore they did not qualify as prior felony drug offenses under 21 U.S.C. 841(b)(1)(A). *Id.* This Court vacated Lewis's guilty plea because he did not make a voluntary and informed choice to plead guilty. *Id.* Parker's case is remarkably similar to Lewis's case. In each case, the defendant pleaded guilty only after receiving advice that he faced a mandatory life sentence if he lost at trial. In both cases the advice proved incorrect. In *Lewis,* the advice was ineffective assistance of counsel and Lewis was therefore allowed to withdraw his plea after sentencing to prevent a miscarriage of justice. Unlike Lewis, Parker moved to withdraw his plea prior to sentencing. Parker only had to show a "fair and just" reason to withdraw his plea. The change in mandatory minimum sentence is such a reason.

Parker offered credible evidence that his plea was not knowing and voluntary. *United States v. Moore,* 931 F.2d 245, 248 (4th Cir. 1991). Parker did not delay in filing his motion to withdraw his plea. Parker entered the plea on October 28, 2010, but the plea did not become involuntary until *Simmons* was decided. At his first opportunity, his initial sentencing hearing on September 20, 2011, Parker said his plea was no longer voluntary. Parker had a change of

counsel and then moved to withdraw his plea the day after he was found competent. The District Court abused its discretion in denying Parker's motion to withdraw his guilty plea.

## IX. CONCLUSION

Parker moved to withdraw from his plea agreement prior to sentencing. He had a fair and just reason to do so and this Court should vacate Parker's guilty plea and remand to the district court for further proceedings.

## X. REQUEST FOR ORAL ARGUMENT

Parker requests oral argument.

/s/ Haakon Thorsen
Haakon Thorsen
Thorsen Law Offices
1235-E East Blvd, #239
Charlotte, NC 28203
(704) 333-0120

*Counsel for Appellant*

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

## XI. CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.  This brief complies with the type-volume limitation of Fed. R. App. P.
    32(a)(7)(B) because:

    this brief contains <u>3,570</u> words, excluding the parts of the brief
    exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P.
    32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportional spaced typeface
    using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

<u>/s/ Haaken Thorsen</u>
Haaken Thorsen

Dated: May 6, 2013

## XII. CERTIFICATE OF FILING AND SERVICE

I hereby certify that on May 6, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Amy E. Ray
OFFICE OF THE U.S. ATTORNEY
U. S. Courthouse
100 Otis Street
Room 233
Asheville, NC 28801

*Counsel for Appellee*

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/  Tracy Moore Stuckey
Tracy Moore Stuckey
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street, Suite 230
Richmond, VA  23219